Howard T. Hogan, J.
This is an action for damages arising from the alleged breach of a written lease. Plaintiff conducts a business of renting cigarette machines, music boxes and game machines to restaurant and tavern owners. She alleges that she entered into a written agreement with the defendants (said agreement being made a part of her complaint) that she installed a game machine in defendants’ restaurant, and that defendants disconnected said machine from the electric current and installed another in its place, in breach of said agreement. She asks damages in the amount of $8,112, based, apparently, upon a provision for liquidated damages of $20 per week for the unexpired term of the lease.
The written instrument is a printed form prepared and supplied by the plaintiff. Paragraph “ 2 ” thereof reads as follows: “The Operator leases to the Proprietor one coin operated cigarette machine and music box * * * and the Proprietor agrees to keep the machine connected to an electric outlet in his premises ”.
Paragraph “ 3 ” reads as follows: ‘ ‘ The proceeds from the weekly collections from the operation of said machines music and game [inserted by hand] shall be divided as follows: the Operator is to receive first ten Dollars per week and 50-50 split thereafter.”
Paragraph “ 5 ” reads as follows: “ The Proprietor agrees that during the term of this agreement the Operator shall have the exclusive right to maintain all coin operated cigarette machine and music box, and that the Proprietor shall not permit anyone to install or maintain any other equipment or device which may be constituted as a coin operated cigarette machine or music box. Proprietor to receive one cent on each pack cigarettes.” (Emphasis supplied.)
Nowhere in the instrument is any provision made for a game machine except by the aforesaid insertion in paragraph “ 3 ” above. Accordingly, the lease (par. “ 2 ”) does not provide for the rental of a game machine to the defendants, nor does it obligate the defendants to do, or to refrain from doing, anything in regard to game machines. The most that *141 can be said for the agreement is that it provides for a distribution of the weekly collections from any of plaintiff’s game machines which may be on the premises. Accordingly, it furnishes no basis for this action.
Even if the lease had covered this game machine, the proof offered by the plaintiff does not establish that defendants had intentionally disconnected it, or that they permitted it to remain disconnected for an appreciable time.
The foregoing are the facts found by the court and constitute its decision as required by section 440 of the Civil Practice Act.